IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALSH, KNIPPEN, POLLOCK & CENTINA, CHARTERED, a professional corporation, | )<br>)<br>) |
| Plaintiff, | ) No. 14 C 8232 |
| v. | )<br>) Judge Robert W. Gettleman |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 399 HEALTH AND WELFARE TRUST FUND, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff law firm Walsh, Knippen, Pollock & Cetina Chartered, filed a complaint in the Circuit Court for the Eighteenth Judicial Circuit, County of DuPage, Illinois, seeking attorney's fees from defendant International Union of Operating Engineers, Local 399 Health and Welfare Trust Fund, pursuant to the Illinois common fund doctrine. Defendant removed the case to this court on the basis of complete preemption under section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff filed the instant motion to remand and for attorney's fees related to the removal and remand. For the reasons discussed below, plaintiff's motion to remand is granted but attorney's fees are denied.

## BACKGROUND

In 2011, Alaina Sheehy was injured in an automobile crash. Defendant, a welfare benefit fund as defined by ERISA, paid $176,881.10 to cover Sheehy's medical expenses following the accident. The plan Sheehy entered into with defendant excluded application of the Illinois common fund doctrine, stating in section 2.20(D), "[t]he plan is entitled to payment in full, without set-off for attorney's fees, of 100% of the benefits paid, whether or not the Participant is

made whole." After the accident, Sheehy entered into an agreement with defendant promising to reimburse the fund with any settlement money she received for her accident. The reimbursement agreement also included a provision that barred the common fund doctrine from applying before defendant was reimbursed.

Plaintiff represented Sheehy and obtained a settlement on her behalf in a lawsuit and underinsured motorist claim. Upon receiving settlement checks totaling $248,035.40, plaintiff filed the instant action in state court to obtain $58,960.37 in attorney's fees associated with procuring the settlement.

## DISCUSSION

### I. Legal Standard

Removal of a state claim to federal court is proper only when the claim could have been filed in a federal court with original subject matter jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), citing 28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction "over cases concerning a federal question," meaning cases that arise "under the Constitution, laws, or treaties of the United States." Speciale v. Seybold, 147 F.3d 612, 614 (7th Cir. 1998); 28 U.S.C. § 1331. Issues of federal law are raised by a plaintiff's well-pleaded complaint because "'the plaintiff's complaint . . . control[s] the litigation.'" Speciale, 147 F.3d at 614, quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1486 (7th Cir. 1996). Absent jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c).

**II.     Analysis**

Plaintiff argues that this court lacks subject matter jurisdiction because defendant cannot assert a federal question in its defense as the basis for removal. Plaintiff's claim seeks to apply the common fund doctrine, a state law claim, to the settlement Sheehy received. Because plaintiff did not include any federal law issues in its complaint, it argues that removal to this court was improper.

Defendant argues that removal was proper because plaintiff's claim challenges the language of Sheehy's plan with defendant, a welfare benefit fund governed by ERISA. As such, defendant argues that plaintiff's action is completely preempted by ERISA § 502(a), thereby providing this court with subject matter jurisdiction. The court disagrees.

Complete preemption provides federal courts with jurisdiction over state claims where federal law has completely superseded state law. Hart v. Wal-Mart Stores, Inc. Associates' Health and Welfare Plan, 360 F.3d 674, 678 (7th Cir. 2004). Complete preemption acts as an exception to the well-pleaded complaint rule by allowing a defendant to recharacterize a plaintiff's state law claim as a federal claim for purposes of removal. Speciale, 147 F.3d at 615. ERISA § 502(a) provides federal jurisdiction over any civil action brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Accordingly, state claims within the scope of ERISA § 502(a) are completely preempted. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987); Speciale, 147 F.3d at 615.

3

Indeed, as defendant points out, U.S. Airways, Inc. v. McCutchen, 133 S.Ct. 1537 (2013), held that "in an action brought under § 502(a)(3) . . . the terms of an ERISA plan govern. Neither general principles of unjust enrichment nor specific doctrines—such as the double-recovery or common fund rules—can override the applicable contract." 133 S.Ct. at 1551. Defendant's reliance on McCutchen is misplaced, however, because the plaintiff's claim was not brought under § 502(a)(3).

Defendant contends that unlike in McCutchen, both the ERISA plan and the reimbursement agreement Sheehy signed contain provisions that abrogate the common fund doctrine. However, defendant makes a merits argument when the issue is one of jurisdiction. McCutchen did not address complete preemption, let alone federal jurisdiction. U.S. Airways, as fiduciary to the benefit plan, had the statutory right to bring a federal lawsuit against McCutchen regardless of preemption. McCutchen, 133 S.Ct. at 1542. Defendant's reliance on Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356 (2006), is likewise misplaced. As in McCutchen, the plan fiduciary in Sereboff brought an ERISA claim in federal court, Sereboff, 547 U.S. at 359, distinguishing it from the instant case, where a non-party to the benefit plan seeks compensation for "confer[ring] a financial benefit on persons who are not his clients." Primax Recoveries, Inc. v. Sevilla, 324 F.3d 544, 548 (7th Cir. 2003).

Defendant also relies on Admin. Comm. of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco, 338 F.3d 680 (7th Cir. 2003), to argue that plaintiff's claims contradict the terms of the ERISA plan and are barred by conflict preemption. In Varco, the plan beneficiary attempted to use the Illinois common fund doctrine to have the plan fiduciary cover a portion of her attorney's fees out of the reimbursement she owed under the plan. Id. The court

found that the ERISA plan preempted Varco's ability to use the common fund doctrine. Id. at 690. In Varco, however, federal jurisdiction was established by the plan fiduciary's ERISA claim against the plan beneficiary, not by conflict preemption. Id. at 687.

Primax Recoveries is controlling here. As plaintiff points out, the Seventh Circuit has held that when an attorney files a claim for fees under the common fund doctrine, an ERISA plan's language is "irrelevant, since the lawyer whose claim to restitution is at stake was not a party to the plan and so is not bound by limitations in it of his legal rights." Primax Recoveries, 324 F.3d at 549 (finding the dispute was between Primax and the defendant's attorneys, who were not party to the plan, and therefore, could not be part of an ERISA action). In the instant case, plaintiff law firm was retained by Sheehy to collect damages related to her automobile accident. Plaintiff was not a plan participant or beneficiary, and therefore cannot bring a claim pursuant to ERISA § 502(a). Correspondingly, plaintiff's unjust enrichment and common fund doctrine claims do not fall within the scope of enforcing ERISA plan rights. There is no preemption here because this is not an ERISA claim. Id. Consequently, defendant's reliance on ERISA § 502(a) as grounds for removal was improper.

Plaintiff seeks attorney's fees incurred as a result of defendant removing the case from state court. 28 U.S.C. § 1447(c) provides that when the court remands a case to state court, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney's fees are appropriately awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Seventh Circuit defined "objectively reasonable" in Lott

v. Pfizer, Inc., 492 F.3d 789 (7th Cir. 2007), as "clearly established law [that] did not foreclose a defendant's basis for removal." Lott, 492 F.3d at 793.

While the court agrees that the case should be remanded, the defendant's arguments about the applicability of McCutchen are not frivolous, and therefore defendant did not lack an objectively reasonable basis for removal. See Blankenship v. Bridgestone Americas Holding, Inc., 467 F.Supp.2d 886, 899 (C.D. Ill. 2006). Additionally, this case presents no unusual circumstances that warrant awarding attorney's fees. Martin, 546 U.S. at 141. Exercising its discretion, the court denies plaintiff's motion for attorney's fees related to the removal and remand.

## CONCLUSION

For the reasons set out above, plaintiff's motion to remand is granted. Plaintiff's motion for costs and attorney's fees related to the removal and remand is denied.

**ENTER:** April 15, 2015

_____
**Robert W. Gettleman
United States District Judge**